SALGADO, PLAINTIFF AND APPELLANT, *v.* FIGUEROA, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in an Action of Debt.

No. 3360.—Decided January 22, 1925.

CONTRACT—SERVICE—SERVICES RENDERED BEFORE MODIFICATION OF CONTRACT— PLEADING.—The plaintiff alleged that he contracted with the defendant to

build a house for him, for which he was to receive, if he built the house for
$5,000 or less, half of the difference between the actual cost of the house and
$6,000; that after the work was begun the defendant instructed him to make
certain additions to the original plan, and that he informed the defendant
that such alterations would require an additional expenditure of $3,000 or
$4,000, to which the defendant replied that in any event he would pay the
plaintiff the $500 offered him as half of the $1,000 under the original con-
tract. *Held:* That the last allegation made it unnecessary to allege that
the plaintiff complied with the condition of building the house at a cost not
exceeding $5,000, for which reason as regards that claim the complaint was
sufficient.

ID.—ID.—SERVICES RENDERED WITHOUT PREVIOUS AGREEMENT—PLEADING.—In the
absence of an allegation that there was an agreement for the payment of
professional services rendered in consequence of alterations required by the
owner it was necessary to allege their reasonable value, an estimate of such
value made by the plaintiff not being sufficient.

ID.—MATERIALS SUPPLIED WITHOUT CONTRACT—PLEADING.—There being no allega-
tion of a contract for a fixed sum for the sand furnished by the plaintiff
contractor, it was necessary to allege its reasonable value, for the defendant
was not bound to pay the amount arbitrarily fixed by the plaintiff.

The facts are stated in the opinion.

*Messrs. G. Cruzado Silva* and *C. Coll Cuchí* for the ap-
pellant.

*Mr. A. Marín Marién* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The amended complaint in this case sets up two separate
causes of action. The allegations of the first are that the
plaintiff is a building contractor and contracted with the
defendant to build a house for him, for which he was to
receive, if he succeeded in building the house for $5,000 or
less, half of the difference between the actual cost of the
house and $6,000. Under these conditions he began the
work after having made an estimate and ascertained that
he could build the house for $5,000, in which case he would
receive $500, or half of the difference between $5,000 and
$6,000; but after he had begun the work the defendant in-
structed him to make certain modifications and additions to
the original plan, and when the plaintiff informed him that
such alterations would require an additional expenditure of
from $3,000 to $4,000 the defendant replied that in any
event he would pay the plaintiff the $500 offered him as

half of the $1,000 under the original contract. That thereby the cost of the building was increased to $9,000 and the defendant refuses to pay the plaintiff the said $500 and also another $500 which the plaintiff considers is the value of his work for the modifications made beyond the original contract. In the second cause of action it is alleged that the plaintiff supplied all of the sand necessary for building the house, amounting to 215 meters, which at the rate of $2.50 per meter amounts to $537.50, a sum which the defendant also refuses to pay him.

A demurrer was interposed to the said complaint on the ground of failure to state facts sufficient for the two causes of action and the court sustained it as to the $500 claimed for the extra work done by the plaintiff for the defendant, because it was not alleged that the said sum was the actual or reasonable value of the work done, it being a mere estimate made by the plaintiff. The court also sustained the demurrer as to the claim for the sand on the ground that it was not alleged that there was an agreement for its purchase or that the $537.50 claimed was the actual or reasonable value thereof. In view of this ruling the plaintiff moved for judgment, which was entered dismissing the complaint with costs. From that judgment the present appeal was taken.

Although the complaint sets up only two separate causes of action, the claims made therein are three; that is, $500 for building the house under a contract between the parties, $500 for extra work not called for by the contract and $537.50 for the sand furnished by the plaintiff for the construction of the house. Considering the terms of the decision of the court below on which the judgment appealed from is based, we understand that the complaint was declared insufficient only as to the last two claims. However, the appellee alleges that the first claim for $500 is not well pleaded for the reason that as the obligation to pay was subject to the condition that the house should be built at

a cost not exceeding $5,000, it should have been alleged that the said condition had been complied with. The appellee would be right in this contention if it had not been alleged in the complaint that when the plaintiff called the defendant's attention to the fact that the additions and modifications required by him would increase the cost of the work the defendant replied that in any event he would pay the $500 which he had promised the plaintiff as half of the $1,000 stipulated for in the original contract. Therefore, considering the acceptance alleged, the complaint is sufficient as to the said $500.

With regard to the other $500 claimed for the plaintiff's work in making the additions and modifications requested by the defendant after the agreement was made and after the commencement of the work, the complaint is insufficient, because as it was not alleged that there was any agreement to pay for that extra work, it should have been alleged that the amount claimed was the reasonable value thereof, inasmuch as section 1486 of the Civil Code provides that where there is no agreement for remuneration for the hire of professional services the party entitled to remuneration may sue and recover from the adverse party the reasonable value of his services and such reasonable value must be established by proof and not be based on the personal estimate of the one rendering the services.

Nor are the allegations of the second cause of action sufficient, because it alleges no contract for the delivery of the sand for a fixed sum and the complaint should have alleged that the $2.50 per meter of sand was the reasonable value, for the defendant is not bound to pay the amount arbitrarily fixed as the value of the sand.

In view of the conclusion reached in accord with those of the court below, and considering that instead of amending his complaint the plaintiff preferred to have judgment rendered against him, we might dismiss the complaint as regards the second and third claims, but in the interest of

justice we shall not do so, for the case must be remanded because the complaint is sufficient as to the first claim and we prefer to give the plaintiff an opportunity to amend the complaint as to the other two claims.

For the foregoing reasons the judgment appealed from is reversed in so far as it dismissed the complaint as a whole and affirmed as to the second and third claims set up therein, and the case is remanded for further proceedings not inconsistent with this opinion.

*Reversed in part and remanded.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.